IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER BALMER,
    Plaintiff,
    v.                               Case No. 3:13-cv-134-KRG-KAP
CORRECTIONS OFFICERS MICHAEL HECK
and JUSTIN ECKENRODE,
    Defendants

### Report and Recommendation

#### Recommendation

Defendant Justin Eckenrode has filed a motion for summary judgment at docket no. 42, see Fed.R.Civ.P. 56. It should be granted.

#### Report

Christopher Balmer was an inmate in the RHU at S.C.I. Cresson on the morning of September 21, 2011, when corrections officers Michael Heck and Justin Eckenrode were passing out breakfast trays to the inmates, or in some cases taking individual food items out of bags and placing them in the tray in the aperture to an inmate's cell. Taking Balmer's account of events as true, Balmer and the two officers were engaged in friendly banter and he threw a closed peanut butter container at Heck "in a playful manner." According to Balmer the corrections officers misperceived his actions and Eckenrode attempted to shut the aperture to Balmer's cell without giving Balmer his entire meal. Balmer stuck his right hand through the aperture and asked for the remainder of his meal, and when told his actions were construed as a refusal of a meal, responded "Well, if I'm not eating, nobody's going to eat." Depo. at 12. Balmer then used his right arm to begin flipping all the food trays off the cart. One of the trays struck Heck in the

mouth, drawing blood. Heck then grabbed Balmer's right arm "and he immediately like pushed it," depo. at 15-16, bending it in a manner that caused a fracture. Balmer stuck his other arm through the slot to extricate his right arm from Heck's grip. Eckenrode grabbed Balmer's left arm and secured it in what Balmer called a gooseneck, depo. at 16, to prevent Balmer from using it against Heck, and the officers pushed Balmer back in his cell. Balmer began yelling that his arm was "broke, it hurts." Depo. at 16-17. The officers then closed the aperture. When Balmer complained that his right arm was broken Heck replied "Good, I hope I broke it, pussy." Depo. at 21. Balmer later received medical treatment for his fracture, and was also cited for the assault on Heck.

Eckenrode alone moves for summary judgment. As the above narrative suggests, in evaluating a motion for summary judgment the court must consider the facts in the light most favorable to the non-moving party (here, Balmer). Doe v. Centre County, 242 F.3d 437, 446 (3d Cir. 2001). Since Balmer bears the burden of proving his claim Eckenrode may present a *prima facie* case for summary judgment by "pointing out to the District Court [] that there is an absence of evidence to support the non-moving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Balmer is then required to "do more than simply show that there is some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986): he must produce evidence sufficient to show that a reasonable factfinder might, under the applicable substantive law, return a supportable

verdict for him. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

The applicable law governing the use of force by Heck and Eckenrode is given by cases interpreting the Eighth Amendment to prohibit the subset of unreasonable uses of force that are not good faith efforts to maintain or restore discipline but rather are "malicious," "sadistic," and "for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320-21 (1986). For purposes of this motion only I will assume that a jury could make a valid finding that Heck's actions meet the Whitley v. Albers standard.

Balmer disclaims any effort to show that Eckenrode himself used excessive force in violation of Whitley v. Albers but asserts that Eckenrode is liable because his action in "grabbing [Balmer's] left arm while defendant Heck proceeded to break plaintiff's right arm is the basis for failure to protect plaintiff from the unnecessary use of force utilized by defendant Heck." docket no. 54, Plaintiff's Brief at 3.

Balmer is correct that a failure to protect by Eckenrode would support a claim against him, but Balmer does not produce evidence to answer the question that was apparent when I screened the complaint under 28 U.S.C.§ 1915A: how a jury could validly conclude that Eckenrode **knew** that Heck was going to break Balmer's arm in time to intervene.

Corrections officers have a duty to intervene to protect an inmate from violence, whether at the hands of inmates or from

3

fellow corrections officers, but that duty is circumscribed by the situation presented to the corrections officers: there is no duty to intervene when doing so would be dangerous to themselves or futile. Smith v. Mensinger, 293 F.3d 641, 650-51 (3d Cir.2002). Here, there is no issue of Eckenrode's safety, but Eckenrode could be found liable only if he missed an opportunity to intervene **before** Heck used the excessive force that caused Balmer's single injury. That failure to take action must be the product of Eckenrode's deliberate indifference. The Supreme Court has described what that mental state requires:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Farmer v. Brennan, 511 U.S. 825, 837 (1994). Mere negligence – that is, evidence that Eckenrode should have been aware of the risk from Heck's actions, or could have intervened more effectively – is not enough. Even a gross error of judgment does not equal deliberate indifference. Farmer, 511 U.S. at 843 n.8. Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir.1997).

Balmer, in the chronology he relates in his brief and in his deposition, gives the sequence of events as: 1) Balmer accidentally hits Heck with a tray; 2) Heck overreacts, immediately grabs Balmer's right arm, hyperextends it, and fractures Balmer's elbow; 3) Balmer puts his left arm through the slot to extricate his right arm from Heck's grasp; 4) Eckenrode seizes Balmer's left

4

arm; 5) the officers push Balmer back in his cell and close the slot; 6) Heck responds to Balmer's complaints by saying that he hoped that he had broken Balmer's arm. By Balmer's account the whole incident took a "matter of seconds," depo. at 21, the break was "an instant break," depo. at 20, and Eckenrode would have known of Heck's excessive use of force when Balmer began screaming "after," depo. at 19, Heck had already broken Balmer's arm in an immediate response to Balmer's actions. See id.: "Once he [Eckenrode] grabbed my left hand, I was pinned. I had no movement in the broken arm because obviously it's broken."

On this evidence no jury could find that Eckenrode could have recognized that Heck was going to react by using excessive force, much less that Eckenrode did in fact recognize that Heck was going to break Balmer's arm in time to stop it and then in that space of time made a conscious decision not to intervene. Summary judgment should be entered for Eckenrode.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to file written objections to this Report and Recommendation.

DATE: 3 August 2015

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Christopher Balmer GX-5754
S.C.I. Forest
P.O. Box 945
Marienville, PA 16239

5